```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES JOSEPH RICHARDS,

                  Plaintiff,

     -against-                              MEMORANDUM AND ORDER
                                            10-CV-1691 (JS)(WDW)
NEW YORK OFFICE OF THE ATTORNEY GENERAL
ANDREW CUOMO, NEW YORK STATE DEPARTMENT OF
CORRECTIONS, NEW YORK STATE DIVISION OF
PAROLE ALBANY OFFICE, NEW YORK STATE DIVISION
OF PAROLE NASSAU OFFICE, NASSAU COUNTY DISTRICT
ATTORNEYS OFFICE, NASSAU COUNTY SUPREME COURT,
CLERK OF NASSAU COUNTY SUPREME COURT, NASSAU
COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY
POLICE DEPARTMENT FIRST PRECINCT, NASSAU COUNTY
POLICE DEPARTMENT HEADQUARTERS, NASSAU COUNTY
DISTRICT COURT, SUPREME COURT OF THE STATE OF
NEW YORK APPELLATE DIVISION SECOND JUDICIAL
DEPARTMENT, NEW YORK DIVISION OF PAROLE
FARMINGDALE OFFICE,

                  Defendants.
----------------------------------------X
APPEARANCES:

For Plaintiff:    James Joseph Richards, Pro Se
                  2256 Birch Street
                  N. Merrick, NY 11566

For Defendants:   No appearances

SEYBERT, District Judge:
```

Presently pending before the Court is Complaint of pro se plaintiff James J. Richards ("Plaintiff"), accompanied by an application to proceed in forma pauperis. For the reasons that follow, the Court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and sua sponte dismisses the Complaint without prejudice.

BACKGROUND

Although difficult to discern, Plaintiff's seven page Complaint includes four handwritten pages that appear to challenge his sentence of five years of post-release supervision. Plaintiff alleges that on July 8, 2002 he was sentenced in Nassau County Court to a three year determinate term of imprisonment following the entry of his guilty plea. Plaintiff claims that when he received his "computation sheet" upon incarceration, he learned that he was also sentenced to a term of five years of post-release supervision. Plaintiff alleges that the post-release supervision was a mistake and not part of the sentence he received on July 8, 2002.

According to the Complaint, Plaintiff was released from prison in April 2004 and served five years of post-release supervision during which he was violated on two occasions. As a result of the violations, Plaintiff served an additional nine months in prison. Plaintiff, who now is no longer in custody, appears to claim that because the post-supervised release was not part of his original sentence, his subsequent incarcerations were improper. Plaintiff seeks to recover $500,000 in damages for his unspecified "pain and suffering."

DISCUSSION

I. In Forma Pauperis Application

To qualify for in forma pauperis status, the Supreme

Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks and citations omitted). Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application Of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives

3

any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsuqu, 222 F.3d 99, 112 (2d Cir. 2000).

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See id.; Blakely v. Wells, 209 Fed. Appx. 18, 20 (2d Cir. 2006) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

III. Section 1983

Section 1983 provides, in relevant part, that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of his rights or privileges as secured by the Constitution of the United States. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149,155-56, 98 S. Ct. 1729, 56 L. Ed. 2d 185(1978); Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998).

Additionally, when bringing a Section 1983 action against a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)); see also Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). Allegations concerning a single incident of unconstitutional activity are insufficient to demonstrate the existence of a custom or policy, see City of Oklahoma v. Tuttle, 471 U.S. 808, 821, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985), at least in the absence of factual allegations "tending to support, at least circumstantially, such an inference." Zahra, 48 F.3d at 685.

Applying these standards to the case at hand, and according Plaintiff's Complaint a liberal construction, see Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 163 (1980),

the Court finds that Plaintiff's Complaint does not meet the pleading requirements of Rule 8. As is readily apparent, Plaintiff's Complaint provides insufficient notice to the Defendants of the claims asserted against them. Plaintiff purports to allege a Section 1983 claim but does not specify the claimed constitutional violation nor does he provide sufficient facts for the Court to liberally construe his Complaint to allege a constitutional violation. In addition, Plaintiff does not allege any conduct attributable to each of the Defendants and, in fact, only mentions the Defendants in the caption. Moreover, Plaintiff does not allege an official policy or custom that caused him to be subjected to a denial of a constitutional right. Thus, Plaintiff's Section 1983 claim, as pled, is implausible. Accordingly, the Court <u>sua sponte</u> dismisses Plaintiff's Complaint without prejudice. In accordance with the Second Circuit's preference for adjudication of cases on the merits, the Court grants Plaintiff leave to amend the Complaint to properly allege any valid claims he may have in accordance with this opinion.

IV. <u>The Defendants</u>

    A. <u>Claims Against Nassau County District Attorneys Office</u>

Plaintiff names the Nassau County District Attorneys Office as a Defendant. Because the District Attorneys Office is not an entity capable of being sued, the Court DISMISSES with prejudice the Complaint against the District Attorneys Office.

Conte v. County of Nassau, No. 06-CV-4746, 2008 WL 905879 at *1, n.2 (E.D.N.Y. March 31, 2008) (dismissing a § 1983 claim against the Nassau District Attorneys Office because "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued").

> B. <u>Nassau County Supreme Court, Nassau County District Court And The Supreme Court Of The State Of New York Appellate Division, Second Judicial Department</u>

To the extent Plaintiff names various state courts as Defendants and seeks relief against them under § 1983, they are immune from such suit under the Eleventh Amendment. <u>Papasan v. Allain</u>, 478 U.S. 265, 276, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); <u>Pennhurst State Sch. & Hospital v. Halderman</u>, 465 U.S. 89, 98-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). As agencies or arms of the State of New York, the courts are immune from suit under the Eleventh Amendment. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); <u>see also</u> <u>Saint-Fleur v. City of New York</u>, No. 99-CV-10433, 2000 WL 280328, at *2 (S.D.N.Y. Mar. 14, 2000) (collecting cases); <u>Vishevnik v. Supreme Court</u>, 99-CV-3611, 1999 WL 796180, at *1 (S.D.N.Y. Oct. 6, 1999) ("agencies, such as the state courts, are absolutely immune from suit [in federal court], regardless of the relief sought"); <u>Carp v. Supreme Court</u>, No. 98-CV-0201, 1998 WL 236187, at *2 (N.D.N.Y. May 5, 1998) ("the State Supreme Court and the Appellate

Division are . . . immune from suit under the Eleventh Amendment"); see also Mathis v. Clerk of the First Dep't, 631 F. Supp. 232, 234 (S.D.N.Y. 1986) ("the Appellate Division, a state court, is not amenable to suit under 42 U.S.C. § 1983 . . . on the grounds that it is immune from suit by virtue of the Eleventh Amendment). Accordingly, Plaintiff's claims against the state courts are DISMISSED with prejudice.

### C. Clerk Of Nassau County Supreme Court

Courts have extended judicial immunity to court clerks for the performance of tasks "which are judicial in nature and an integral part of the judicial process." Yen v. Supreme Court of U.S., 205 F.3d 1327 (2d Cir. 2000) (citing Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997)). Court clerks enjoy absolute immunity even for administrative functions if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court. Rodriguez, 116 F.3d at 67. A court clerk, however, may not be entitled to absolute immunity in all cases, such as where the clerk's refusal to accept the litigant's papers seeking to commence an action results in the deprivation of the litigant's constitutional rights. LeGrand v. Evan, 702 F.2d 415, 418 (2d Cir. 1983).

Here Plaintiff's vague allegations do not specify any conduct by the Supreme Court Clerk. Insofar as Plaintiff seeks to hold the Supreme Court Clerk responsible for an alleged clerical

8

error with regard to the addition of the post-release supervision to his sentence, such claim is not viable. <u>Therrell v. Pucinski</u>, 1991 WL 135999 (N.D. Ill. July 17, 1991). Further, Plaintiff does not allege that any conduct of the Clerk was pursuant to any particular practice or policy. Accordingly, the Court dismisses Plaintiff's claims against the Clerk of Nassau County Supreme Court without prejudice.

    D.   <u>New York State Department Of Corrections And Division Of Parole</u>

Plaintiff names the New York State Department of Corrections and the New York State Division of Parole as Defendants. As noted above, state agencies such as these "'are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest.'" <u>Garcia v. Division of Parole Executive Dept.</u>, 09-CV-2045, 2009 WL 2392160, at *1 (E.D.N.Y. August 3, 2009) (quoting <u>Santiago v. N.Y.S. Dep't of Corr. Serv.</u>, 945 F.2d 25, 28 n. 1 (2d Cir. 1991)) (citations omitted). Accordingly, suits for money damages against state agencies such as the New York State Department of Corrections or Division of Parole are barred by the Eleventh Amendment. <u>See</u> <u>Garcia</u>, 2009 WL 2392160, at *1; <u>Jude v. New York State</u>, No. 07-CV-5890, 2009 WL 928134, at *3 (S.D.N.Y. Mar. 30, 2009); <u>Denis v. N.Y.S. Dep't of Corr. Serv.</u>, No. 05-CV-4495, 2006 WL 217926, at *12 (S.D.N.Y. Jan. 30, 2006).

Accordingly, Plaintiff's claims for money damages against the New York State Department of Corrections and the Division of Parole are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b). Stone v. New York City Dept. of Homeless Servs., 159 Fed. Appx. 324 (2d Cir. 2005) (affirming dismissal of Section 1983 claim against the New York State Division of Parole as barred by the Eleventh Amendment); Garcia, 2009 WL 2392160, at *1.

> E.  Nassau County Sheriffs Department, Nassau County Police Department Headquarters And Nassau County Police Department First Precinct

Plaintiff also names as Defendants the Nassau County Sheriffs Department, Nassau County Police Department Headquarters and Nassau County Police Department First Precinct. A local police department, such as the Nassau County Sheriffs Department, "is considered an administrative arm of the County, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued." Aguilera v. County of Nassau, 425 F. Supp. 2d 320, 323 (E.D.N.Y. March 27, 2006) (citations omitted). Similarly, the Nassau County Police Department Headquarters and First Precinct are not capable of being sued. See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department because "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore,

10

cannot sue or be sued"). Plaintiff's claims against the Nassau County Sheriffs Department and Nassau County Police Department are thus more appropriately raised against Nassau County. Accordingly, Plaintiff's claims against the Nassau County Sheriffs Department, Nassau County Police Department Headquarters and First Precinct are DISMISSED with prejudice.

   F.   State Of New York

Finally, with respect to the State of New York, a state is not a "person" amenable to suit under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); see also Huminski v. Corsones, 396 F.3d 53, 70 (2d Cir. 2005). Accordingly, the Complaint is DISMISSED with prejudice against the State of New York.

## CONCLUSION

For the reasons set forth above, the Plaintiff's application to proceed in forma pauperis is granted, the Complaint is sua sponte dismissed without prejudice and with leave to file an Amended Complaint that complies with Federal Rule of Civil Procedure 8 and in accordance with this Order by July 30, 2010. Plaintiff is warned that failure to file an Amended Complaint within this time period will result in dismissal of his Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and

therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June  21 , 2010
       Central Islip, New York