```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAMES JOSEPH RICHARDS,

                    Plaintiff,

          -against-                      MEMORANDUM AND ORDER
                                         10-CV-1691 (JS)(WDW)
COUNTY OF NASSAU, P.O. BROWN,
NYS DIVISION OF PAROLE,
FARMINGDALE OFFICE, P.O. JEANASACK,
NYS DIVISION OF PAROLE, FARMINGDALE
OFFICE, P.O. REDD, NYS DIVISION OF
PAROLE, FARMINGDALE OFFICE,
SPO LEONE, NYS DIVISION OF PAROLE,
FARMINGDALE OFFICE, P.O. ROSA
ARGUELLES, PAROLE REVOCATION
SPECIALIST, STATE OF NEW YORK -
EXECUTIVE DEPARTMENT, DIVISION
OF PAROLE, BOARD OF PAROLE,
DIVISION OF PAROLE - NEW YORK STATE,
NASSAU COUNTY CORRECTIONAL CENTER,
GOUVERNEUR CORRECTIONAL FACILITY,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:    James Joseph Richards, Pro Se
                  2256 Birch Street
                  N. Merrick, NY 11566

For Defendants:   No appearances
```

SEYBERT, District Judge:

Presently pending before the Court is the Amended Complaint of pro se plaintiff James J. Richards ("Plaintiff") who is proceeding in forma pauperis. See Memorandum and Order, dated June 21, 2010, Seybert, D.J. For the reasons that follow, the Court sua sponte dismisses the Amended Complaint with prejudice as against Defendants P.O. Brown, P.O. Jeanasack, P.O. Redd, P.O. Arguelles, SPO Leone, State of New York-Executive Department,

Division of Parole, the Nassau County Correctional Center and the Gouverneur Correctional Facility and without prejudice as against the County of Nassau.

BACKGROUND

Much like Plaintiff's original Complaint, Plaintiff appears to challenge his sentence of five years of post-release supervision. Plaintiff alleges that on July 8, 2002 he was sentenced in Nassau County Court to a three-year determinate term of imprisonment by Judge Daniel J. Cotter and that when he received his "computation sheet" upon incarceration, he learned that he was also sentenced to a term of five years of post-release supervision. Plaintiff alleges that the post-release supervision was a mistake and not part of the sentence he received on July 8, 2002.

According to the Amended Complaint, Plaintiff was released from the Gouverneur Correctional Facility in April 2004 and served five years of post-release supervision during which he violated on two occasions. As a result of the violations, Plaintiff served an additional nine months in prison. Plaintiff, who now is no longer in custody, appears to claim that because the post-supervised release was not part of his original sentence, his subsequent incarcerations were improper. Plaintiff also claims that while he was imprisoned, he was

> housed in the medical unit, which is a joke
> within itself because even though it is a
> medical unit it's not staffed with competent
> doctors or nurses who know anything about

2

>       medical. On several occasions I was given the
>       wrong medicine and when I questioned the fact
>       that I was given the wrong medicine I was
>       advised to shut up . . . .

Am. Compl. at ¶ IV.[1]

Plaintiff seeks to recover $500,000 in damages for his unspecified "pain and suffering", false imprisonment, false arrest, abuse, mistreatment, and the violation of the 6th, 8th and 14th amendments by the Defendants.

DISCUSSION

I. Application Of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537

---

[1] The Court notes that although Plaintiff does not specify which correctional institution allegedly denied him proper medical care, the Court presumes that it was the Nassau County Correctional Center given Plaintiff's allegation that the events giving rise to his claims occurred within the County of Nassau. See Compl. at ¶ III. Given that the Amended Complaint is dismissed with leave to replead, Plaintiff shall clarify his Eighth Amendment claim if he so chooses to file a Second Amended Complaint.

3

F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See id.; Blakely v. Wells, 209 Fed. Appx. 18, 20 (2d Cir. 2006) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

II. The Defendants

A. Claims Against Nassau County Correctional Center and Gouverneur Correctional Facility

Plaintiff names the Nassau County Correctional Center and the Gouverneur Correctional Facility as Defendants. Because these correctional institutions are not entities capable of being sued,

4

the Court DISMISSES with prejudice the Amended Complaint against Nassau County Correctional Center and Gouverneur Correctional Facility. Melendez v. Nassau County, No. 10-CV-2516 (SJF)(WDW), 2010 WL 3748743, *5 (E.D.N.Y. Sept. 17, 2010) (dismissing § 1983 claim against Nassau County Correctional Center because "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued").

> B. New York State Board of Parole, Division of Parole and P.O. Brown, P.O. Jeanasack, P.O. Redd, SPO Leone, P.O. Rosa Arguelles - Parole Revocation Specialist

To the extent Plaintiff names the New York State Board of Parole, Division of Parole and state employees thereof in their official capacities as Defendants and seeks relief against them under § 1983, they are immune from such suit under the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); Pennhurst State Sch. & Hospital v. Halderman, 465 U.S. 89, 98-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). As an agency or arm of the State of New York, the New York State Board of Parole, Division of Parole is immune from suit under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Stone v. New York City Dept. of Homeless Servs., 159 Fed. Appx. 324 (2d Cir. 2005) (affirming dismissal of Section 1983 claim against the New York State Division of Parole as barred by the Eleventh Amendment); see

also, Garcia v. Division of Parole Executive Dept., 09-CV-2045, 2009 WL 2392160, at *1 (E.D.N.Y. August 3, 2009) (state agencies "'are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest.'") (quoting Santiago v. N.Y.S. Dep't of Corr. Serv., 945 F.2d 25, 28 n. 1 (2d Cir. 1991)) (citations omitted); Jude v. New York State, No. 07-CV-5890, 2009 WL 928134, at *3 (S.D.N.Y. Mar. 30, 2009); Denis v. N.Y.S. Dep't of Corr. Serv., No. 05-CV-4495, 2006 WL 217926, at *12 (S.D.N.Y. Jan. 30, 2006). Similarly, Plaintiff's claims for money damages against the state employees sued in their official capacities are barred by the Eleventh Amendment. Graham, 473 U.S. at 165-167, and n. 14, 105 S. Ct. at 3104-3106, and n. 14, 87 L. Ed. 2d 114 (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); Darcy v. Lippman, 356 Fed. Appx. 434, 437 (2d Cir. 2009) ("Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities."). Accordingly, Plaintiff's claims against the New York State Board of Parole, Division of Parole, P.O. Brown, P.O. Jeanasack, P.O. Redd, P.O. Rosa Arguelles and SPO Leone are barred by the Eleventh Amendment and are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b).

III. Section 1983

Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of his rights or privileges as secured by the Constitution of the United States. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978); Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998).

Additionally, when bringing a Section 1983 action against a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)); see also Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). Allegations concerning a single incident of unconstitutional activity are insufficient to demonstrate the

7

existence of a custom or policy, see City of Oklahoma v. Tuttle, 471 U.S. 808, 821, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985), at least in the absence of factual allegations "tending to support, at least circumstantially, such an inference." Zahra, 48 F.3d at 685.

Applying these standards to the case at hand, and according Plaintiff's Amended Complaint a liberal construction, see Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 163 (1980), the Court finds that Plaintiff's Amended Complaint does not meet the pleading requirements of Rule 8. As is readily apparent, Plaintiff's Amended Complaint provides insufficient notice to the remaining Defendant, the County of Nassau, of the claims asserted against it. Plaintiff purports to allege a Section 1983 claim but does not provide sufficient facts for the Court to liberally construe his Amended Complaint to allege a constitutional violation. Moreover, Plaintiff does not allege an official policy or custom that caused him to be subjected to a denial of a constitutional right. Thus, Plaintiff's Section 1983 claim, as pled, is implausible. Accordingly, the Court sua sponte dismisses Plaintiff's Amended Complaint without prejudice. In accordance with the Second Circuit's preference for adjudication of cases on the merits, the Court grants Plaintiff a final opportunity to amend his Complaint to properly allege any valid claims he may have in accordance with this opinion.

CONCLUSION

For the reasons set forth above, the Amended Complaint is sua sponte dismissed with prejudice as against Defendants P.O. Brown, P.O. Jeanasack, P.O. Redd, P.O. Arguelles, SPO Leone, State of New York-Executive Department, Division of Parole, the Nassau County Correctional Center and the Gouverneur Correctional Facility and without prejudice as against the County of Nassau and with leave to file a Second Amended Complaint that complies with Federal Rule of Civil Procedure 8 by **November 30, 2010**. Plaintiff is warned that failure to file a proper Second Amended Complaint within this time period will result in dismissal of his Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 3, 2010
Central Islip, New York

9