UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAMES JOSEPH RICHARDS,

                Plaintiff,

                                            MEMORANDUM AND ORDER
      -against-                          10-CV-1691(JS)(AKT)

COUNTY OF NASSAU,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:     James Joseph Richards, Pro Se
                     2256 Birch Street
                     N. Merrick, NY 11566

For Defendant:     No appearances

SEYBERT, District Judge:

       Pursuant to this Court's Orders, dated June 21, 2010 and November 3, 2010, the pro se plaintiff James J. Richards ("Plaintiff"), who is proceeding in forma pauperis, has filed a Second Amended Complaint. For the reasons that follow, the Plaintiff's claims are not plausible and the Second Amended Complaint is sua sponte dismissed with prejudice. The Clerk of the Court is directed to close this case.

## BACKGROUND

       Plaintiff has submitted a similar version of his previous pleadings. Much like the earlier versions, Plaintiff's instant Second Amended Complaint seeks to challenge his sentence of five years of post-release supervision and the denial of adequate medical care during his re-incarceration for violations during his post-release supervision. According to the Second Amended

Complaint, Plaintiff's Sixth, Eighth and Sixteenth Amendment rights have been violated by the defendant, County of Nassau ("Defendant"). (2d Am. Compl. at ¶ II.B.) Plaintiff alleges that his Sixth Amendment right was violated during his post-supervised release because: "I Was Held Against My Will At The Nassau County Sherife's [sic] Department For Almost An [sic] Year." (Id. at ¶ III.C.)[1] Plaintiff claims that, on July 8, 2002, he was sentenced in Nassau County Court to a three-year determinate term of imprisonment and that when he received his "computation sheet" upon incarceration, he learned that he was also sentenced to a term of five years of post-release supervision. (First Amended Compl. at ¶ III). Accordingly, Plaintiff alleges that the imposition of post-release supervision was a mistake and was not part of the sentence he received on July 8, 2002.

Plaintiff also alleges that his Sixteenth Amendment right was violated: "Because of Post Release Supervision And Parole, I Lost My Job, My Income, My Sense of worth And My Family Had to Go On Social Services Because I Was In Jail As No Fault Of Mine." (Second Am. Compl. at III.C.)

---

[1] The Second Amended Complaint does not re-allege that Plaintiff's post-supervised release was improperly imposed because it was not part of his original 2002 prison sentence as was alleged in his prior Complaints. Given Plaintiff's pro se status, the Court will liberally construe his Second Amended Complaint to include the allegations regarding the imposition of post-supervised release as he had alleged in his previous Complaints.

2

Plaintiff further alleges that, during the time he was held by the Nassau County Sheriff's Department:

> I Was Forced To Do A Rehad [sic] Program, which was A Nine Month Program And After I Did (3) Three Months The Rehab Director Informed Me That I Shouldn't Be Here . . . .

(Id.). Further, Plaintiff complains that the medical unit he was housed in

> Is A Joke . . . [is] Not Staffed with competent Doctors or Nurses . . . . On Several Occasions I was Given The Wrong Medication And When I Questioned The Fack [sic] That I was Given The Wrong Medicine I was Strongly Advised To Shut Up . . . . On Several Occasions I wasn't Even Given Any Medication, It would Be Skipped. . . .

(Id.)

Plaintiff seeks $500,000.00 in compensatory damages for "fear, pain and suffering, abuse, mistreatment, medical abuse, health problems, false imprisonment and false arrest" by the Nassau County Police Department and "New York State Parole Department."[2] (Id. at ¶ V.)

DISCUSSION

I. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous

---

[2] The Court presumes that Plaintiff intended to name the New York State Division of Parole given that the "New York State Parole Department" does not exist. Accordingly, the Court construes Plaintiff's claims as against the State Division of Parole instead of the State Parole Department.

3

or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, the Second Circuit instructs that "while we have 'repeatedly cautioned against sua sponte dismissals of pro se . . . complaints prior to requiring the defendants to answer,' Salahuddin v. Cuomo, 861 F.2d 40, 43 (2d Cir. 1988), it is well settled that 'where leave to amend has previously been given and the successive pleadings remain . . . unintelligible . . . or where the substance of the claim pleaded is frivolous on its face,' id. at 42, § 1915(e) permits a district court to dismiss the complaint sua sponte." O'Neil v. Ponzi, 394 F. App'x. 795 (2d Cir. 2010).

II. Immunity

    A. Defendant New York State Division of Parole

Although not named in the caption, Plaintiff seeks to

recover damages from the New York State Division of Parole. (Compl. at ¶ V.) As was detailed in the Court's previous two Orders, see Memorandum and Order, dated June 21, 2010 and November 3, 2010, Plaintiff's claims for relief against the State of New York pursuant to Section 1983 are barred by the Eleventh Amendment. The Eleventh Amendment bars suits brought by a state's own citizens in federal court. Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999)). As an agency or arm of the State of New York, the New York State Division of Parole is immune from suit under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Stone v. N.Y. City Dept. of Homeless Servs., 159 F. App'x 324 (2d Cir. 2005) (affirming dismissal of Section 1983 claim against the New York State Division of Parole as barred by the Eleventh Amendment); Garcia v. Div. of Parole Exec. Dept., No. 09-CV-2045, 2009 WL 2392160, at *1 (E.D.N.Y. Aug. 3, 2009) (state agencies such as the Division of Parole "are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest.") (quoting Santiago v. N.Y. State Dep't of Corr. Serv., 945 F.2d 25, 28 n.1 (2d Cir. 1991)). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct

& Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993). Accordingly, Plaintiff's claim for damages against the New York State Division of Parole is not plausible and is dismissed with prejudice.

IV. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983 (2000). To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, 693 F. Supp. 2d 217, 2010 WL 768720, at *4 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

Furthermore, to prevail against a municipality in a Section 1983 action, a plaintiff must plead and prove three elements: (1) an official policy or custom that (2) caused the

plaintiff to be subjected to (3) a denial of a constitutional right. See Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008); Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995); Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." Monell, 436 U.S. at 690-91 (citations omitted). A plaintiff also has the burden of showing "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203, 103 L. Ed. 2d 412 (1989). "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." Springfield v. Kibbe, 480 U.S. 257, 267, 107 S. Ct. 1114, 1119, 94 L. Ed. 2d 293 (1987) (O'Connor, J., dissenting). Here, Plaintiff claims that his Sixth, Eighth and Sixteenth Amendment rights were violated by the Defendant.

A. Sixth and Sixteenth Amendment Claims

Plaintiff purports to claim constitutional violations under the Sixth and Sixteenth Amendments arising from the fact that he was incarcerated for a period of approximately nine months for violations during his post-supervised release. Plaintiff's sparse

allegations in his Second Amended claim that his Sixth Amendment rights were violated because Plaintiff was "Held Against My Will At The Nassau County Sherife's [sic] Department For Almost An [sic] Year." When read together with Plaintiff's First Amended Complaint, it appears that Plaintiff seeks to challenge his subsequent incarcerations totaling approximately nine months following his release from the Gouverneur Correctional Facility in April 2004. Plaintiff appears to claim that the term of post-supervised release was not part of his original 2002 sentence and was improperly added to his sentence exclusively by the New York State Division of Parole.

As is readily apparent, Plaintiff's Sixth and Sixteenth Amendment claims are not cognizable because he seeks to challenge a decision allegedly made by the New York State Division of Parole, an entity that is immune from suit in this Court. See supra at pages 4-6; see also Richards v. Nassau, et al., 10-CV-1691, Memorandum and Order, dated June 21, 2010 and November 3, 2010, Seybert, D.J. It appears that Plaintiff seeks to impose liability on Defendant Nassau County as a result of the New York State Division of Parole's alleged constitutional violations. Given that the New York State Division of Parole is not an administrative arm of Nassau County, there is no basis to impose liability on Defendant Nassau County for conduct allegedly attributable to the New York State Division of Parole.

Furthermore, the Sixth Amendment pertains to an individual's right to counsel and speedy trial and Sixteenth Amendment grants Congress the power to levy an income tax. U.S. CONST. amend. VI and XVI. Plaintiff has not alleged any facts regarding ineffective counsel or his right to a speedy trial, nor has he included any allegations concerning income tax. Accordingly, the Court is unable to discern a plausible claim arising under the Sixth or Sixteenth Amendments. Given that this is Plaintiff's Second Amended Complaint, the Court is satisfied that Plaintiff would not be able to cure the defects in his pleading, should he be given yet another chance to amend. Accordingly, Plaintiff's Sixth and Sixteenth Amendment claims are dismissed with prejudice.

B.  Eighth Amendment Claim

Plaintiff also attempts to allege a Section 1983 claim that his Eighth Amendment rights were violated during his incarceration at the Nassau County Correctional Center in that he was deprived of adequate medical care. Apart from allegations that Plaintiff was treated "unfairly" by parole officers and that parole officers ordered Plaintiff to attend an unnecessary "rehab" program, Plaintiff's Eighth Amendment claim as set forth in the Second Amended Complaint is identical to the allegations in his First Amended Complaint.

With regard to the new allegations concerning the conduct

9

of parole officers, there is no basis to impose liability for such actions on the County of Nassau, for the reasons set forth above. See supra at pages 4-6.

Moreover, this Court has previously instructed Plaintiff that in order to allege a plausible Section 1983 claim against a municipality, he must plead that the challenged conduct was performed pursuant to an official policy, practice or custom. Plaintiff's Second Amended Complaint alleges only that the medical unit at the jail is "a joke", that it is "not staffed with competent doctors" and that "on several occasions" Plaintiff was given the wrong medicine or none at all. (2d Am. Compl. at ¶ III.C.) Plaintiff's thin, conclusory allegations wholly fail to allege that the alleged deprivation of adequate medical care was pursuant to a municipal policy, practice or custom. Alberts v. Landeau, No. 09-CV-2162 (RRM)(LB), 2011 WL 1303996, at *5 (E.D.N.Y. March 31, 2011) ("Proof of a single incident of unconstitutional activity is insufficient to demonstrate the existence of a policy.") (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 821, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)). Accordingly, Plaintiff's Eighth Amendment claim is not plausible and is dismissed with prejudice. The Court declines to afford Plaintiff a third opportunity to amend his Eighth Amendment claim given that Plaintiff has ignored the guidance provided in the Court's earlier Orders in this regard and has instead chosen to simply repeat the

same, insufficient allegations.

V. Conclusion

For the reasons set forth above, the Second Amended Complaint is dismissed with prejudice and the Clerk of the Court is ordered to mark this matter closed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of this Order to the pro se Plaintiff at his last known address. Fed. R. Civ. P. 5(b)(2)(C).

SO ORDERED.

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May 6, 2011
Central Islip, New York