```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES JOSEPH RICHARDS,

                    Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           10-CV-1691(JS)(WDW)
COUNTY OF NASSAU,

                    Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:      James Joseph Richards, pro se
                    2256 Birch Street
                    N. Merrick, NY 11566

For Defendant:      No appearances.
```

SEYBERT, District Judge:

Pro se Plaintiff James Joseph Richards sued Defendant Nassau County and others for alleged constitutional violations arising out of what Plaintiff argues was the unlawful imposition of a term of post-release supervision and his subsequent imprisonment for two violations of that post-release supervision. (See generally Docket Entry 5, June 21, 2010 Order at 2.) The Court previously dismissed Plaintiff's Complaint, Amended Complaint, and Second Amended Complaint and ultimately dismissed Plaintiff's case with prejudice. Pending before the Court is Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate the Court's judgment dismissing Plaintiff's case. (Docket Entry 13.) For the following reasons, this motion is DENIED.

BACKGROUND

Plaintiff sued Defendant and others for unlawfully imposing a term of post-release supervision and then twice imprisoning Plaintiff for violating his allegedly invalid post-release supervision. Because Plaintiff is proceeding in forma pauperis, the Court sua sponte reviewed Plaintiff's Complaint, Amended Complaint, and Second Amended Complaint for frivolousness or maliciousness and ultimately dismissed Plaintiff's case.

In addressing the original Complaint, the Court dismissed Plaintiff's claims against certain defendants with prejudice--for example, his claims against the New York State Department of Corrections were dismissed on the basis of Eleventh Amendment immunity (June 21 Order at 10)--and noted generally that his claims were insufficiently pled (id. at 6). The Court granted Plaintiff leave to file an Amended Complaint.

The Court dismissed Plaintiff's Amended Complaint, again dismissing Plaintiff's claims against certain defendants with prejudice--for example, his claims against the Nassau County Correctional Center ("NCCC") were dismissed because the NCCC is not an entity capable of being sued (Docket Entry 7, November 3, 2010 Order at 4-5)--and dismissed his claims against Nassau County for failure to state a claim (id. at 8). Specifically, the Court found that Plaintiff had not alleged

2

facts sufficient to raise a plausible claim and had not alleged an unlawful custom or policy, which is required to maintain a Section 1983 claim against a municipal defendant. (Id.) In the interest of resolving disputes on their merits, the Court granted Plaintiff leave to file a Second Amended Complaint against Nassau County. (Id.) The Court noted that this would be Plaintiff's "final" opportunity to plead his case properly (id.), and it warned that the "failure to file a proper Second Amended Complaint" within the specified time frame would result in the dismissal of his case with prejudice (id. at 9).

Plaintiff timely filed a Second Amended Complaint against Nassau County, and the Court again dismissed it sua sponte. (See generally Docket Entry 10, May 6, 2011 Order.) The Court concluded that Plaintiff had again failed to state a plausible claim for relief. (Id. at 9-10). The Court concluded that, because Plaintiff had ignored the Court's earlier guidance on what was required of a proper complaint, further attempts at pleading would be futile (id. at 9), and it declined to permit Plaintiff to amend his Complaint a third time (id. at 10). The Court entered judgment for all defendants and closed Plaintiff's case.

## DISCUSSION

Plaintiff moves now under Rule 60(b) for permission to file a Third Amended Complaint. (Docket Entry 13.) A Proposed

3

Third Amended Complaint, which was drafted with the help of an attorney, was filed with Plaintiff's motion.

I. Rule 60(b)

Rule 60(b) provides that:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Although district courts have discretion in evaluating Rule 60 motions, relief under this provision is extraordinary and should be granted only in exceptional circumstances. E.g., Greig v. Harmon, 182 F.3d 899, 1999 WL

373881, at *2 (2d Cir. 1999) (unpublished opinion). Here, Plaintiff moves under Rule 60(b)(1)--for excusable neglect--and 60(b)(6)--in the interests of justice. Plaintiff principally argues that the Court should give him one more chance to plead his case because he is a pro se litigant proceeding in good faith in a complex case.

II. Plaintiff is Not Entitled to Relief

Plaintiff is not entitled to relief for "excusable neglect." "Excusable neglect" is an "elastic concept," Cyan Contracting Corp. v. Nat'l Grange Mut. Ins. Co., 257 F.R.D. 626, 628 (S.D.N.Y. 2009) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)), and courts generally decide whether relief under this subsection is appropriate by evaluating several factors, including: (1) "danger of prejudice to the [non-movant];" (2) "the length of the delay and its potential impact on judicial proceedings;" (3) "the reason for the delay, including whether it was within the reasonable control of the movant;" and (4) "whether the movant acted in good faith." Pioneer, 507 U.S. at 395. Of these, the third-- the reason for the delay and whether it was within the movant's control--has been considered the most important. Canale v. Manco Power Sports, LLC, No. 06-CV-6131, 2010 WL 2771871, at *2 (S.D.N.Y. July 13, 2010). This factor is fatal to Plaintiff's

5

motion because Plaintiff's repeated failure to file a proper complaint was unquestionably within his control and Plaintiff has not provided a persuasive reason why he did not heed the Court's guidance in the orders dismissing his first two attempts to plead his case.

Plaintiff is also not entitled to relief under Rule 60(b)(6), the provision's catch-all interests-of-justice subsection. The Court "must balance the interest of justice in granting the motion against the interest of finality of judgment." Chiulli v. I.R.S., No. 03-CV-6670, 2006 WL 3008084, at *3 (S.D.N.Y. Oct. 20, 2006). Plaintiff has neither shown "extraordinary circumstances justifying relief" nor "demonstrate[d] that the judgment may cause [him] to incur an extreme and undue hardship" beyond the "unfavorable consequences that result from an adverse judgment properly arrived at." Id. Accordingly, Plaintiff's motion is denied.[1]

---

[1] In denying Plaintiff's motion for leave to file a Third Amended Complaint, the Court notes that Plaintiff's proposed Third Amended Complaint, like his earlier pleadings, does not adequately state a constitutional claim against Nassau County. Although Plaintiff alleges that "upon information and belief it was the custom of the Defendant to impose additional punishments upon criminal defendants after the sentence was issued, and that imposition of an additional punishment upon me was the direct cause of the denial of my Constitutionally protected rights . . .," (Proposed Third Am. Compl. ¶ 14), such an allegation is too conclusory to raise a plausible claim. See Simms v. City of N.Y., No. 10-CV-3420, 2011 WL 4543051, at *2 (E.D.N.Y. Sept. 28, 2011) (noting that, in cases alleging constitutional violations against municipal defendants, "courts in this district have

## CONCLUSION

For the foregoing reasons, Plaintiff's Rule 60(b) motion (Docket Entry 13) is DENIED. The Clerk of the Court is respectfully directed to mail Plaintiff a copy of this Order.

SO ORDERED.

/s/Joanna Seybert
Joanna Seybert, U.S.D.J.

Dated: January 23, 2012
   Central Islip, New York

---

generally required that plaintiffs provide more than a simple recitation of their theory of liability").